ORIGINAL

FILED

10 SEP -3 PM 4: 29

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

**JAMES HAWKINS, APLC**
James R. Hawkins (SB# 192925)
9880 Research Drive, Suite 200
Irvine, CA 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GUARDIAN CORPORATION, a California corporation; FRANK ARIZA, an individual; SHANNON QUINN, an individual; on behalf of themselves and all persons similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>AT&T SERVICES, INC., a corporation doing business as AT&T,<br><br>    Defendants. | CASE NO. **'10 CV 1 84 6 WQH   CAB**<br><br>(Class Action)<br><br>COMPLAINT FOR: (1) UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES PURSUANT TO CAL. BUS. & PROF. CODE §17200, (2) FRAUD AND DECEIT, AND (3) VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT, CAL. CIVIL CODE §1770 |

1    Plaintiffs THE GUARDIAN CORPORATION, FRANK ARIZA and SHANNON

2    QUINN ("Plaintiffs"), on behalf of themselves and on behalf of all persons similarly situated

3    alleges the following on information on belief:

4

5                                    **INTRODUCTION**

6          1.    · This is a class action for unfair, unlawful and deceptive business practices and for

7    fraud and deceit brought against Defendant AT&T SERVICES, INC., a corporation doing business

8    as AT&T ("AT&T"). This action is based on Defendants' business pattern and practice of unfairly,

9    unlawfully and deceptively charging Plaintiffs and every other member of the class for fraudulent

10   and inflated data usage and data transfer. Plaintiffs and similarly situated consumers, have service

11   agreements with AT&T for cellular phone and/or wireless network services. These agreements

12   provide that the consumers will be charged specified amounts for certain data usage and data

13   transfer on AT&T's cellular phone and/or wireless network. AT&T secretly and deceptively

14   artificially inflates the amounts charged to consumers of AT&T's cellular phone and/or wireless

15   network through incorrect measurement, which is three to five times higher than the actual data

16   usage and data transfer for the consumer, and then incorrectly bills the consumer for the inflated data

17   usage and data transfer amounts rather than the actual data amount. As a result, AT&T fraudulently

18   represents that the data usage and data transfer for the consumer's service is higher than the data

19   usage and data transfer actually is, resulting in inaccurate billing and inflated data transfer charges

20   to the consumer.

21         2.    At bottom, AT&T's systems improperly measure data usage and data transfer by three

22   to five times the actual amount. These overcharges are concealed from the customer. This case is

23   a high-tech version of a gas pump meter that incorrectly measures the gallons of gas being pumped

24   and then applies the per gallon charge to the fraudulent measure of gas, so that the consumer pays

25   more than is proper.

26         3.    Except as otherwise provided herein, Plaintiffs seek restitution on behalf of all

27   persons in California who paid data transfer charges to AT&T in excess of their normal monthly

28

1  data plan during the period beginning four years prior to the filing of this complaint and through the

2  present.

3

4  **PARTIES**

5      4.    Defendant AT&T SERVICES, INC., is a corporation with headquarters in Texas.

6  AT&T SERVICES, INC. conducts business under the name "AT&T", and is collectively referred

7  to herein as "AT&T" or "DEFENDANT". AT&T is the party who established and is responsible

8  for the practices alleged herein. DEFENDANT is engaged in the business of providing broadband

9  and other wireless and wireline communications services to mass market, business, government and

10  customers throughout California and the United States, including significant business and operations

11  in this County. AT&T has a nationwide presence in wireline and wireless markets, with millions

12  of Americans connecting to a AT&T network daily. AT&T generated more than $124 billion in

13  2008 total consolidated operating revenues, and at year-end 2008.

14      5.    Plaintiff THE GUARDIAN CORPORATION ("GUARDIAN") is California

15  corporation. GUARDIAN is a consumer with an agreement with AT&T for cellular phone and/or

16  wireless network services. GUARDIAN brings this action individually and on behalf of a class of

17  similarly situated consumers. The claims of GUARDIAN are typical and representative of the

18  claims of the absent members of the Class in that AT&T charged GUARDIAN and all other

19  members of the Class for data usage and data transfer in excess of their actual data usage and data

20  transfer. GUARDIAN and each and every member of the Class paid these charges and thereby

21  suffered a financial injury for which restitution and/or damages from AT&T is required. In this

22  action, GUARDIAN and the members of the Class do not contest the rate charged for data usage

23  and data transfer, instead, GUARDIAN and the members of the CLASS challenge the amount of

24  data usage and data transfer which AT&T attributed to GUARDIAN and the other members of the

25  Class. Finally, there is no federal question at issue in this case, as all questions presented and/or

26  remedies sought are based solely upon state law.

27      6.    Plaintiff FRANK ARIAZA ("ARIAZA") is an individual residing in California.

28

1   ARIAZA is an individual with an agreement with AT&T for cellular phone and/or wireless network

2   services.  ARIAZA brings this action individually and on behalf of a class of similarly situated

3   consumers.  The claims of ARIAZA are also typical and representative of the claims of the absent

4   members of the Class in that AT&T charged ARIAZA and all other members of the Class for data

5   usage and data transfer in excess of their  actual data usage and data transfer.  ARIAZA and each

6   and every member of the Class paid these charges and thereby suffered a financial injury for which

7   restitution and/or damages from AT&T is required.  In this action, ARIAZA and the members of

8   the Class do not contest the rate charged for data usage and data transfer, instead, ARIAZA and the

9   members of the Class challenge the amount of data usage and data transfer which AT&T attributed

10   to ARIAZA and the members of the Class.  Finally, there is no federal question at issue in this case,

11   as all questions presented and/or remedies sought are based solely upon state law.

12        7.        Plaintiff SHANNON QUINN ("QUINN") is an individual residing in California.

13   QUINN is a consumer with an agreement with AT&T for cellular phone and/or wireless network

14   services for personal, family or household purposes.  QUINN brings this action individually and on

15   behalf of a class of similarly situated consumers.  The claims of QUINN are also typical and

16   representative of the claims of the absent members of the Class in that AT&T charged QUINN and

17   all other members of the Class for data usage and data transfer in excess of their  actual data usage

18   and data transfer.  QUINN and each and every member of the Class paid these charges and thereby

19   suffered a financial injury for which restitution and/or damages from AT&T is required.  In this

20   action, QUINN and the members of the Class do not contest the rate charged for data usage and data

21   transfer, instead, QUINN and the members of the Class challenge the amount of data usage and data

22   transfer which AT&T attributed to QUINN and the members of the Class.  Finally, there is no

23   federal question at issue in this case, as all questions presented and/or remedies sought are based

24   solely upon state law.

25        8.        Collectively, ARIAZA, GUARDIAN, and QUINN are refer to herein as the

26   "PLAINTIFFS."

27        9.        PLAINTIFFS  are unaware of the true names and capacities of the remaining

28

1   defendants who may be responsible for the alleged conduct in some respect and who therefore may

2   be sued in this action. PLAINTIFFS will amend this complaint when those names and/or capacities

3   become known to PLAINTIFFS.  PLAINTIFFS are informed and believe that each of these

4   defendants is in some manner responsible for the events and allegations set forth in this complaint.

5         10.    At all material times herein mentioned, each of the defendants was the principal,

6   joint venturer, successor, agent, aider & abettor, and/or employee of each of the remaining

7   defendants and was, at all relevant times, acting within the course and scope of such plan,

8   conspiracy, successorship, joint venture, agency and employment. In doing the things alleged in the

9   causes of actions stated herein, each and every defendant was acting within the course and scope

10  of this agency or employment and was acting with the consent, permission and authorization of each

11  of the remaining defendants.  All actions of each defendant as alleged in the causes of action stated

12  herein were ratified and approved by every other defendant or their officers or their managing

13  agents.

14

15  **CONDUCT**

16        11.    AT&T's business involves the providing of wireline and broadband services to

17  customers, including individuals, companies, businesses and government entities.  To provide these

18  services, AT&T enters into service agreements wherein for a monthly charge, customers have access

19  to AT&T's cellular phone and/or wireless network services.  In the event the monthly charge is not

20  for unlimited data usage and data transfer, and the data usage and data transfer for a customer

21  exceeds a specified amount, the customer is billed additional amounts for that data usage and data

22  transfer.  In order to profit at the expense of its customers, AT&T intentionally, knowingly and

23  artificially inflates the data usage and data transfer for these customers such that AT&T represents

24  the data usage and data transfer is an amount that is three to five times the actual data usage and data

25  transfer by the customer.  AT&T then bills the customer based upon the inflated data usage and data

26  transfer amount, not the actual data used and transferred by that customer.  As a result of this

27  concealed fraud and deception, AT&T systematically and uniformly bills these customers for more

28

COMPLAINT

1   data than was actually used by the customer and these customers being able to otherwise verify the

2   accuracy of the charge without the use of an expert in the field and access to AT&T's internal

3   engineering reports.

4        12.    As a result of the charges by AT&T during the November 2009 through February

5   2010 time period being excessively high.  Plaintiff GUARDIAN attempted to discover why their

6   data usage and data transfer was represented by AT&T to higher than expected.  GUARDIAN

7   worked with AT&T's personnel and GUARDIAN's expert and discovered that the data usage data

8   usage and data transfer used by GUARDIAN was actually much lower than represented by AT&T.

9   Bandwidth reports and AT&T's internal engineering reports showed that the actual data usage and

10  data transfer by GUARDIAN were, as a matter of corporate policy, being misrepresented by

11  AT&T's system.  As a result, only by using this independent third party expert could the inflated

12  data figures be confirmed.  The investigation further revealed that the programs and systems used

13  by AT&T inflated the data usage and data transfer to amounts that far exceeded actual usage.

14       13.    As a result of this conduct by AT&T, AT&T was able to systematically bill

15  customers, including the PLAINTIFFS, for data usage and data transfer in excess of true data usage

16  by the customer.  AT&T falsely, fraudulently, knowingly and deceptively represented to the

17  PLAINTIFFS and the other members of the Class that the amounts billed for data usage and data

18  transfer, in excess of the normal monthly charge, is the correct amount, when if fact the correct

19  amount is far lower.  If the actual data usage was accurately measured and reported by AT&T,

20  customers would either incur lower data usage charges, because the actual data usage was far lower

21  than represented and may not have even exceeded their monthly allocation at all.  As a result of this

22  deception, AT&T bills customers for data usage and data transfer which did not occur and AT&T

23  charges these customers substantially more than the amount that is due for their actual data usage.

24       14.    The fraudulent inflation of data usage by AT&T is perpetrated using the programs and

25  systems of AT&T which are uniform as to all customers, including the data card used by all

26  customers to access the cellular phone and/or wireless network of AT&T.  These fraudulent data

27  usage and data transfer representations resulting in inflated billing were perpetrated on wireless

28

1  customers and cellular phone users who incurred data transfer charges in excess of their normal

2  monthly service rate and did not have an applicable unlimited data usage account.

3      15.    This action does not challenge the rate of the data usage or data transfer charge, but

4  rather, challenges the accuracy of the mechanism used by AT&T to measure data transfer and usage.

5  PLAINTIFFS contend that AT&T knowingly and intentionally uses a data measuring system that

6  intentionally inflates data usage and data transfer by three to five times the actual data usage and

7  data transfer and results in an incorrect measurement of data.  AT&T then uses this fraudulent

8  measure of data to bill customers an inflated amount for data transfer and usage charges in excess

9  of their contracted monthly service charge.

10      16.    AT&T's conduct described herein is similar to business practices condemned in

11  by California law and violations of Bus. & Prof. Code § 17200 which have held that (1) charging

12  more than actual costs is unfair and unlawful; (2) overcharging customers is unfair; (3) one who

13  willfully deceives another is unlawful; (4) selling any commodity in less quantity than he or she

14  represents it to be is unlawful; (5) using a measure or measuring instrument when knowing it to be

15  incorrect is unlawful; (7) representing that a transaction confers an obligation upon the customer to

16  pay a certain amount when in fact it does not is unlawful; and (8) misrepresenting a charge for a

17  service rendered on the basis of measure is unlawful.  In sum, only the actual data usage and data

18  transfer may lawfully be billed to the customers of AT&T.

19

20                                              **VENUE & JURISDICTION**

21      17.    This Court has jurisdiction over the PLAINTIFFS' state law class claims pursuant to

22  28 U.S.C. § 1367.  The state law class claims are brought as a class action pursuant to Fed. R. Civ.

23  Proc, Rule 23 on behalf of a class that exceeds 100 people, that involves more than $5,000,000 in

24  controversy.  Because the citizenship of is Texas, and the Class is comprised of customers in

25  California, at least one member of the class is diverse from that of DEFENDANT.  As a result, this

26  Court has original jurisdiction over the state law class claims under 28 U.S.C. § 1332 (CAFA

27  Jurisdiction).  This action is not subject to the jurisdiction of the California Public Utilities

28

1  Commission or the FCC because this action does not challenge any approved data rates charged by

2  AT&T.

3     18.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because: (i)

4  DEFENDANT is subject to personal jurisdiction in this District; (ii) DEFENDANT maintains

5  offices or facilities in San Diego County, California; and, (iii) DEFENDANT committed the

6  wrongful conduct against members of the CALIFORNIA CLASS in San Diego County, California.

7

8                          **CLASS ALLEGATIONS**

9     19.    The relief sought in this complaint is restitution of the excess data transfer and usage

10 charges imposed by AT&T which were billed in excess of the normal monthly charge to the

11 customer for AT&T services.

12     20.    The persons for whose benefit this case is brought consists of thousands of individuals

13 whose claims, except as to amount of restitution, are otherwise identical, in that the amount of

14 restitution to each class member can be calculated by reference to the data transfer and usage

15 charges imposed by AT&T above the normal monthly service charge to the customer. Therefore,

16 the repetitive testimony of each class member at trial would be impracticable, unnecessary, and an

17 inefficient use of judicial resources. Moreover, the exhaustive list of class members is now within

18 the exclusive possession and control of AT&T, and is not now known to Plaintiffs, although the list

19 may readily be obtained using statutory discovery procedures.

20     21.    PLAINTIFFS seek certification of the following Class of consumers: "ALL

21 CALIFORNIA CUSTOMERS OF AT&T'S CELLULAR PHONE OR WIRELESS SERVICES

22 WHO PAID AT&T FOR DATA TRANSFER AND/OR USAGE CHARGES IN EXCESS OF

23 THEIR NORMAL MONTHLY SERVICE CHARGE DURING THE APPLICABLE CLASS

24 PERIOD." The class period applicable to this class is the period beginning on the date four years

25 prior to the filing of this complaint to the present. Excluded from the Class are all defendants and

26 all agents, attorneys, and employees of defendants; all members of the California judiciary sitting

27 in judgment of this case; and, Plaintiff's attorneys and their employees; and, all other persons within

28

1  three degrees of consanguinity of the aforenamed defendants, attorneys, employees and judges (the
2  "Class").

3       22.    There are questions of law and fact common to all members of the Class and which
4  predominate over questions involving individual Class members. The common questions include,
5  *inter alia*, the following:

6            (a) Whether AT&T incorrectly measures data usage or data transfer by its customers;

7            (b) Whether AT&T bills customers for data usage or data transfer in amounts which
8  exceed the actual data usage or data transfer by the customer;

9            (c) Whether AT&T falsely represents on bills to customers that the data usage or the
10  data transfer listed is the actual data usage or data transfer by that customer;

11            (d) Whether AT&T systematically overcharged Class members for data usage or data
12  transfer in amounts which exceed the actual data usage or data transfer by the customer;

13            (e) Whether AT&T's data measuring practices are unlawful;

14            (f)  Whether AT&T's data measuring practices are unfair to customers;

15            (g)  Whether AT&T's data measuring practices are likely to deceive customers;

16            (h) Whether AT&T's representations concerning the data usage and data transfer by
17  the customer were false;

18            (i) Whether AT&T's billing statements to Class members concealed material facts
19  concerning the data usage and data transfer by the customer; and,

20            (j) Whether AT&T's false representations were intentional and knowing.

21       23.    There are no material differences in the substantive laws to be applied to the claims
22  of the Class members because all claims are brought under California law and on behalf of
23  California customers.  There is no California law which permits or approves of AT&T's practices
24  as herein alleged.

25       24.    The names and addresses of all Class members entitled to restitution are readily
26  ascertainable from the records of AT&T and can be obtained in discovery.

27       25.    The representative PLAINTIFFS were injured and lost money by the acts of AT&T,

28

1    and will fairly and adequately protect the interests of the class.  The PLAINTIFFS have retained

2    counsel competent and experienced in similar class action litigations and other litigations on behalf

3    of the general public.

4         26.    The conduct of AT&T with respect to the measuring and billing of data usage and

5    data transfer, as more particularly described above, is uniform and systematic as to all customers in

6    California.  AT&T's conduct is therefore a common unlawful, unfair and deceptive business

7    practice within the meaning of California Business and Professions Code Section 17200 et seq.

8    prohibiting such practices affecting all such customers in the Class.  The representations of AT&T

9    with respect to the Class members' data usage and data transfer, as more particularly described

10   above, is uniformly false and fraudulent as to all customers in California.

11        27.    A class action is superior to any other available methods for the fair and efficient

12   adjudication of this controversy.  The amount of each individual claim is too small to warrant

13   individual litigation.  Even if any group of class members itself could afford individual litigation,

14   such a multitude of individual litigation would be unduly burdensome to the courts in which the

15   individual litigation would proceed.  The class action device is preferable to individual litigation

16   because it provides the benefits of unitary adjudication, economies of scale, and comprehensive

17   adjudication by a single court.  Finally, class wide litigation will insure that wrong doers do not

18   retain the ill-gotten gains acquired through their wrongful conduct.

19        28.    There are no manageability problems with the proposed class action.  The Class is

20   limited to California customers and only California law is to be applied.  As a result, there are no

21   variations in state laws that would preclude maintenance of a class action.

22        29.    As a result of AT&T's unlawful, unfair, deceptive and/or fraudulent business

23   practices,Class members have been incorrectly charged for data usage and data transfer charges,

24   over and above their normal monthly service charge.  AT&T is liable to make restitution of such

25   incorrect charges including interest on the liquidated sum from the date of payment plus interest

26   along with attorneys' fees and costs as determined by the court. Plaintiff will amend the Complaint

27   at the time of trial to include any additional consumers who are continuing to be subject to AT&T's

28

1    unfair business practices until such time as the practice has been enjoined. Further, Plaintiff reserves

2    the right to supplement the restitution award after trial and until an injunction is issued to include

3    additional persons who have been damaged by the unfair business practice of AT&T.

4

5                              **FIRST CAUSE OF ACTION**

6              *(Unfair Competition - Cal. Business & Professions Code Section 17200)*

7            30.     PLAINTIFFS incorporate by reference the allegations set forth in the preceding

8    paragraphs as if fully set forth herein.

9            31.     California Business & Professions Code §17200 is properly applied to the claims of

10   AT&T customers in California.  Business and Professions Code Section 17200 prohibits any

11   "unlawful ...business act or practice."  AT&T engaged in unlawful acts or practices by, *inter alia*,

12   incorrectly measuring the data usage and data transfer of PLAINTIFFS and other customers, and

13   thereby charging them for data charges which exceeded the amount of their actual data usage and

14   data transfer.

15           32.     California Business and Professions Code Section 17200 also prohibits any

16   "fraudulent business act or practice."  Class members were and are likely to be deceived by AT&T's

17   business practices in connection with data usage and data transfer because consumers are likely to

18   believe that the representations of data usage and data transfer by AT&T in the billing represents

19   the actual data usage and data transfer by the customer.  Class members could not have known the

20   true facts because they were not provided with engineering reports from AT&T regarding the data

21   transfer and data usage for their services, which engineering reports when analyzed by an expert can

22   be shown to evidence the incorrect measure of data and representation of data usage by AT&T.

23           33.     California Business and Professions Code Section 17200 further prohibits any

24   "unfair... business act or practice."  As detailed in the preceding paragraphs, AT&T engaged in a

25   systematic scheme to inflate the amount of data usage and data transfer of customers on the AT&T

26   cellular phone and wireless  networks such that the data amounts represented by AT&T exceeded

27   the actual data usage and data transfer by three to five times in an attempt to impose inflated data

28

1  transfer charges on AT&T customers.  AT&T's conduct caused and continues to cause substantial

2  economic injury.  Any possible justification for AT&T's wrongful conduct was, and is, vastly

3  outweighed by the adverse effects of such conduct. AT&T unfairly competes by offering service

4  agreements limiting them to charging for data transfer at specified rates, when in fact AT&T's

5  system incorrectly measures the data usage in order to inflate the charges to customers, and thereby

6  earn greater profit than the honest competitors who correctly measure data transfer.  As a result,

7  Defendants received an unfair competitive advantage through this practice. AT&T's conduct is also

8  immoral, unethical and in violation of public policy.  As a result, Defendants also engaged in unfair

9  business practices prohibited by California Business & Professions Code Section 17200, *et seq.*

10      34.    As a result of Defendants' unlawful, deceptive or unfair act or practice, Plaintiff and

11  members of the Class have been injured in amounts to be proven at trial, and Defendants must be

12  ordered to reimburse these amounts to PLAINTIFFS and the other members of the Class.

13      35.    The PLAINTIFFS were personally victimized by AT&T's practice and lost money

14  as a result of the alleged practices of AT&T.  PLAINTIFFS have standing to bring this claim for

15  violation of Business & Professions Code because, as set forth hereinabove, PLAINTIFFS (a)

16  suffered injury in fact as a result of AT&T's conduct, (b) lost money as a result of AT&T's practice,

17  and (c) otherwise comply with the requirements of Section 382 of the Code of Civil Procedure.

18

19                          **SECOND CAUSE OF ACTION**

20                            ***(For Fraud and Deceit)***

21      36.    PLAINTIFFS incorporate by reference the allegations set forth in the preceding

22  paragraphs as if set forth herein in full.  This cause of action is brought against AT&T.  This cause

23  of action is for a direct fraud and concealment by AT&T as herein alleged.

24      37.    At all times during which AT&T imposed data usage and data transfer charges,

25  AT&T them, knowingly, intentionally, wilfully, and purposefully deceived PLAINTIFFS and the

26  other members of the Class by (1) making false and fraudulent representations regarding data usage

27  and data transfer on their wireless and cellular phone bills, (2) concealing from the PLAINTIFFS

28

1    and the other members of the class the true facts concerning the actual data usage and data transfer

2    by the PLAINTIFFS and the other members of the Class , and (3) fraudulently billed PLAINTIFFS

3    and the other members of the Class for inflated data usage and data transfer charges as alleged

4    herein.  AT&T carried out the fraud using a fraudulent measure of data usage and data transfer and

5    made the fraudulent representations and concealments through their monthly billing to the customer.

6          38.    At all relevant times to this action, AT&T knew that its representations were in fact

7    false and inaccurate.  The true and accurate facts knowingly and intentionally concealed by

8    Defendants, and each of them, were that amounts of data usage and data transfer by the customer

9    were inflated the by three to five times the actual amount.  This information was known to the

10   AT&T, and AT&T intentionally withheld this information from PLAINTIFFS and the other

11   members of the CLASS.

12         39.    At all times during which AT&T made the above-mentioned representations, AT&T

13   knew that the representations were false, misleading and inaccurate and intended that the

14   representations be repeated and relied upon.  AT&T made the representations with the intent to

15   deceive the PLAINTIFFS and the other members of the CLASS, and with the intent to induce

16   PLAINTIFFS and other members of the Class to pay the inflated data usage and data transfer

17   charges.  PLAINTIFFS and other members of the Class  in fact relied on the false representations

18   of AT&T by paying the data usage and data transfer charges as represented by AT&T.

19         40.    The misrepresentations and concealments as herein alleged were material and

20   significant as they increased the amount billed to and the amount paid by the customer.  But for the

21   fraudulent representations and concealments of AT&T, PLAINTIFFS and the other members of the

22   Class would not have paid the inflated date usage and data transfer charges.

23         41.    PLAINTIFFS and the other members of the Class had no knowledge of the falsity of

24   AT&T's representations or the concealments, and could not have known due to the conduct of

25   AT&T. In reliance upon such representations, at all times PLAINTIFFS and the other members of

26   the Class reasonably believed that AT&T's representations of the data usage and data transfer by

27   the customer was accurate and reflected the actual data usage and data transfer by the customer.

28

1    AT&T's fraud and concealments could not have been discovered by the customer, and was only

2    discovered by GUARDIAN in the December 2009 to February 2010 time period after consultation

3    with experts and using internal engineering reports from AT&T, which were not otherwise provided

4    by AT&T to customers.

5         42.    PLAINTIFFS and the other members of the Class reasonably relied upon the

6    misrepresentations and were induced to and did in fact pay the inflated charges for data usage and

7    data transfer in connection with wireless and/or cellular phone services. PLAINTIFFS and the other

8    members of the Class would not have paid the data usage and data transfer charges, if they had

9    known and been informed of the true facts concerning their data usage and data transfer and the

10   intentional inflation of the data measurements by AT&T.

11        43.    As a direct and proximate result of the forgoing fraudulent and deceitful

12   representations and concealments by AT&T, PLAINTIFFS and the other members of the Class paid

13   excessive data usage and data transfer charges, and sustained, or will sustain injuries and damage

14   as herein alleged, in an amount to be proven at trial. In particular, each Plaintiff and every member

15   of the Class uniformly suffered the same damage in the form of the excessive payment of charges

16   above their normal monthly service charge.

17        44.    At all times herein alleged, AT&T acted wilfully, wantonly, with oppression, fraud and/or

18   malice, and with a conscious disregard of the rights of others, including the right of PLAINTIFFS and the

19   other members of the CLASS.  Therefore PLAINTIFFS request that the trier of fact, in the exercise of its

20   sound discretion, should award punitive or exemplary damages to PLAINTIFFS and the other members of

21   the CLASS in an amount sufficient to punish AT&T and sufficiently large to be an example to others and

22   to deter AT&T and others from engaging in similar conduct in the future.

23

24

25                           **THIRD CAUSE OF ACTION**

26                      *(For Violations of Civil Code § 1770, et seq.)*

27        45.    PLAINTIFFS incorporate by reference the allegations set forth in the preceding

28

1  paragraphs as if set forth herein in full. This cause of action is brought against AT&T by Plaintiff

2  Shannon Quinn. This cause of action is for violations of the Consumer Legal Remedies Act

3  ("CLRA") by AT&T as herein alleged.

4      46.    Plaintiff Shannon Quinn brings this cause of action on behalf of herself and other

5  consumers similarly situated. For purposes of this cause of action, the consumers similarly situated

6  consists of all consumers in California who are members of the Class alleged herein above ("CLRA

7  Subclass"). The term Consumers is used with the same meaning as in the CLRA definitions. The

8  applicable class period to this cause of action is the date beginning three years prior top the filing

9  of this action and ending on a date to be set by the Court.

10     47.    The AT&T services, as described above, were purchased by Plaintiff Quinn and by

11  the other consumers similarly situated in the CLRA Subclass primarily for personal, family, or

12  household purposes. The members of the CLRA Subclass number in the thousands, and therefore

13  are impracticable to bring all members before the Court. The questions of law and fact common to

14  the CLRA Subclass under the CLRA are substantially similar and predominate over the questions

15  affecting individual members. The claims of Plaintiff Quinn are typical of the claims of the CLRA

16  Subclass. Plaintiff Quinn and her counsel will fairly and adequately represent the interests of the

17  CLRA Subclass.

18     48.    AT&T violated its statutory duty by orchestrating, controlling and participating in an

19  scheme wherein AT&T artificially inflates the data usage and data transfer for these customers such

20  that AT&T represents the data usage and data transfer is an amount that is three to five times the

21  actual data usage and data transfer by the consumer, and AT&T then bills the consumer based upon

22  the inflated data usage and data transfer amount, not the actual data used and transferred by that

23  consumer, so that the consumer is overcharged.

24     49.    AT&T violated its duty under the aforementioned statutes, including but not limited

25  to, Civil Code § 1770(a)(5), by, among other things, making false representations concerning the

26  characteristics and quantities of the data usage and data transfer by the consumer.

27     50.    AT&T violated its duty under the aforementioned statutes, including but not limited

28

1   to, Civil Code § 1770(a)(9), by, among other things, advertising services with the intent not to sell

2   them as advertised.  AT&T advertises that consumers will be charged for data usage and data

3   transfer at a specific amount, but due to the knowing inaccurate measurement of data, AT&T

4   intentionally does not deliver the service as advertised.

5        51.   AT&T violated its duty under the aforementioned statutes, including but not limited

6   to, Civil Code § 1770(a)(14), by, among other things, making false representations that the

7   transaction confers obligations on consumers to pay for data usage and data transfer, when in fact,

8   consumers are not obligated to pay for the inflated amounts of data usage and data transfer.

9        52.   AT&T violated its duty under the aforementioned statutes, including but not limited

10   to, Civil Code § 1770(a)(16), by, among other things, making false representations that consumers

11   have been supplied with a specified amount of data usage and data transfer, when in fact, the amount

12   actually supplied was uniformly far less due to the inaccurate data measurement by AT&T.

13        53.   AT&T's actions as alleged herein were unfair and deceptive and constituted the

14   concealment, suppression and omission of material facts with the intent that Plaintiff Quinn and the

15   CLRA Subclass would rely upon the false statement through the concealment, suppression and

16   omission of such material facts, all in violation of the applicable Consumer Legal Remedies Act.

17        54.   AT&T represented to the Plaintiff and every other member of the CLRA Subclass, at

18   the time of billing, that they had used and transferred data in a specific amount, when in fact the

19   amount of the data actually used and transferred was far less than what was represented.

20        55.   These representations were made by AT&T to Plaintiff Quinn and the CLRA

21   Subclass in writing on their monthly billing statements, and each member of the CLRA Subclass

22   relied on the representation by paying the charges on their billing statements. Because the true facts

23   concerning the actual data usage and data transfer were concealed by AT&T and never disclosed,

24   the true facts concerning the data usage and data transfer amounts were not and could not have been

25   known to Plaintiff Quinn or any other member of the CLRA Subclass. AT&T continues to engage

26   in this conduct.

27        56.   When making the representations on the billing statements concerning data usage and

28

1   data transfer, AT&T intended that the representations be relied upon by all consumers in paying the

2   charges and provided no information to the contrary.

3       57.   Plaintiff Quinn and the other members of the CLRA Subclass were injured and

4   suffered damage as a result of the many violations of the Consumer Legal Remedies Act.  As a

5   direct and proximate result of the acts and practices alleged above, members of the CLRA Subclass

6   paid AT&T for data transfer and/or usage charges in excess of their normal monthly service charge

7   during the applicable class period.  Plaintiff seeks injunctive relief to enjoin these violations of the

8   Consumer Legal Remedies Act.

9       58.   Pursuant to Civil Code §1782(d), Plaintiff Quinn will amend this complaint to seek

10  a recovery of damages and other relief for AT&T's violations of the Consumer Legal Remedies Act

11  on behalf of herself and the CLRA Subclass.

12

13                          **PRAYER**

14      **WHEREFORE**, PLAINTIFFS and the other members of the Class request judgment against

15  Defendants and each of them as follows:

16      1.    For an Order certifying this action as a class action;

17      2.    For an award of restitution of amounts paid by  paid by the PLAINTIFFS and the

18            other members of the Class in an amount to be proven at trial pursuant to Cal.

19            Business & Professions Code § 17203;

20      3.    For damages on the second cause of action according to proof;

21      4.    For punitive damages on the second according to proof;

22      5.    For interest at the legal rate of interest on the foregoing sums;

23      6.    For an order declaring the practice of Defendants to be in violation of California law;

24      7.    For an order temporarily, preliminarily and permanently enjoining and restraining the

25            Defendants from engaging in unlawful conduct as set forth herein;

26      8.    For injunctive relief brought under the provisions of Civil Code § 1770, et seq.;

27      9.    For costs of suit herein incurred;

28

10.    For reasonable attorneys' fees allowed by law; and,

11.    For such other and further relief as the Court deems just and proper.

DATED: September 3, 2010                BLUMENTHAL, NORDREHAUG & BHOWMIK

By: _____
          NORMAN B. BLUMENTHAL
          Attorneys for Plaintiffs

1

## DEMAND FOR JURY TRIAL

2  The PLAINTIFFS demand a jury trial on issues triable to a jury.

3

4  DATED: September **3**, 2010           BLUMENTHAL, NORDREHAUG & BHOWMIK

5

6

7                                                 By: _____
                                                     NORMAN B. BLUMENTHAL
8                                                    Attorneys for Plaintiffs

9

10  K:\D\NBB\Araza v. AT&T\p-complaint-DRAFT04.wpd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORIGINAL

§ JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
THE GUARDIAN CORPORATION, FRANK ARIZA, and SHANNON QUINN

## DEFENDANTS
AT&T SERVICES, INC.

10 SEP -3 PM 4:29

**(b)** County of Residence of First Listed Plaintiff **Orange County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Norman Blumenthal, Blumenthal, Nordrehaug & Bhowmik, 2255 Calle Clara, La Jolla, CA, 92037, (858)551-1223

Attorneys (If Known)

DEPUTY

**'10 CV 1846 WQH    CAB**

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 370 Other Fraud | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 465 Other Immigration Actions | | |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 442 Employment | **Habeas Corpus:** | | | |
| ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332 (Diversity Jurisdiction)
Brief description of cause:
Claims for unfair competition and fraud

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  09/03/2010

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 17642   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AB 09.03.'10

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS017642
Cashier ID: mbain
Transaction Date: 09/03/2010
Payer Name: BLUMENTHAL NORDREHAUG AND
--------------------------------
CIVIL FILING FEE
  For: GUARDIAN CORP V AT AND T
  Case/Party: D-CAS-3-10-CV-001846-001
  Amount:        $350.00
--------------------------------
CHECK
  Check/Money Order Num: 12155
  Amt Tendered:  $350.00
--------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.
```